# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES KENNETH MCCALLUM,

    *Plaintiff*,

vs.

HIGH DESERT STATE PRISON,,

    *Defendant*.

2:13-cv-00815-GMN-GWF

ORDER

This prisoner civil action comes before the Court for initial review under 28 U.S.C. § 1915A.

The papers presented are subject to substantial defects, including defects discussed *infra* going to the viability of the claims presented and relief sought.

At the outset, plaintiff did not either pay the filing fee or file an application to proceed *in forma pauperis.* Plaintiff asserts in a notice (#2) filed with the complaint that he is unable to submit a pauper application because he is accusing prison personnel of major federal crimes, including mail theft which is discussed *infra;* and he therefore "can not trust anyone for anything in here," including personnel in the prison law library. An allegation of mail theft does not excuse plaintiff from obtaining the required materials and submitting a pauper application to the Court – just as he obtained the complaint form for the present complaint and filed it with the Court. High Desert State Prison inmates file numerous complaints each year alleging wrongdoing by prison personnel and nonetheless successfully submit a pauper application. Plaintiff must do the same.

This improperly-commenced action therefore will be dismissed without prejudice. In doing so, the Court notes that it does not appear that a dismissal without prejudice will result in a promptly filed and properly commenced action being untimely or otherwise result in substantial prejudice.

In this regard, the Court notes that it does not appear that plaintiff presents a viable

complaint in any event.

First, plaintiff may not proceed against the only named defendant, High Desert State Prison. The prison is a building or facility, not a juridical entity subject to suit. While plaintiff refers to multiple categories of alleged wrongdoers, he cannot pursue a claim against broad-based categories described only as "correctional officers," "administrative staff," "mailroom personnel," and "legal library personnel." He particularly may not do so in a situation where, as discussed below, plaintiff's allegations that any particular individual or group of persons engaged in wrongdoing is based solely on speculation.

Second, as alluded to, plaintiff's allegations that his outgoing mail – to nonjudicial recipients unrelated to pending prisoner civil rights litigation – has been tampered with is based upon hearsay and speculation. He relies upon hearsay by persons outside the prison that they have not received the alleged mail together with speculation that some unknown individual or individuals in the prison has intercepted and stolen his mail. Plaintiff states in Count I that "I've listed all departments and positions I can think of who handle inmate mail," which signifies that he has nothing more than speculation to go on. As plaintiff states in Count III, "I can not specificly [sic] list any certain person or entity but it is obvious someone or others are responsible, unless it's the US Postal Service itself." Such bare speculation does not state a claim upon which relief may be granted against any identifiable defendant.

Third, plaintiff's allegations that he is receiving forged mail similarly are based upon ungrounded speculation. Plaintiff was advised that the attorney's secretary sometimes signed her name for her. Plaintiff states in Count II that "I find that incredably [sic] hard to believe [that] an attorney would have someone else sign their name" and that "[w]ith today's technology anyone can make anything look authentic." Such speculation states no claim.

Fourth, in all events, plaintiff seeks relief that this Court does not have the power to grant. He requests "[c]riminal prosecution of <u>all</u> responsible parties," [r]eturn of all mail and copyright material," and "refer[ral] to civil court for civil litigation." He further states that "[i]f anything, the proper authorities should be notified." This Court cannot investigate and prosecute crimes, much less against unidentified persons; it has no authority to refer general

1 allegations of alleged crime to law enforcement authorities; it cannot search for, secure, and
2 return mail and material; and it cannot refer the matter to some other unspecified "civil court"
3 for "civil litigation."

4     This improperly-commenced action therefore will be dismissed without prejudice, as
5 no prejudice of substance could result from the dismissal of the complaint presented without
6 prejudice.[1]

7     **IT THEREFORE IS ORDERED** that this action shall be **DISMISSED** without
8 prejudice. If plaintiff seeks to pursue an action, he must file a new complaint in a new action
9 with a pauper application with all required financial attachments. The present action is closed.

10     The Clerk of Court shall SEND plaintiff a copy of the complaint and pauper forms and
11 instructions along with a copy of the papers that he submitted in this action.

12     The Clerk of Court shall enter final judgment accordingly, dismissing this action without
13 prejudice.

14     DATED this 10th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court notes that it previously dismissed an action by James Kenneth McCallum in which he alleged, *inter alia*, that he was being tortured and subjected to mind control by jailers with "unknown scientific instruments" that he could not see. The Court dismissed the fanciful and delusional action as frivolous. See No. 2:06-cv-00456-RCJ-RJJ, in which plaintiff identified himself as James Kenneth McCallum on the first page of the complaint.